

# Missouri Court of Appeals

### Southern District

### Division One

JOHN MATTHEW CLARK,               )
                                  )
    Petitioner-Respondent,     )
                                  )
    v.                         )      No. SD32777
                                  )
DIRECTOR OF REVENUE, STATE OF     )      **Filed:  April 22, 2014**
MISSOURI,                         )
                                  )
    Respondent-Appellant.      )

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Aaron G. Koeppen, Associate Circuit Judge

### AFFIRMED

This is an appeal from the reinstatement of driving privileges to John Matthew Clark.  The elements of a refusal to submit to a breathalyzer test are:  (1) whether or not the person was arrested or stopped; (2) whether or not the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether or not the person refused to submit to the test.  Section 577.041.4, RSMo Cum. Supp. 2010.  The only element in dispute in this case is whether the officer had reasonable grounds to believe that Clark was driving a motor vehicle while in an intoxicated or drugged condition.  In his sole point, the Director of Revenue

1

("the Director") claims that the trial court erred as a matter of law in finding that the trooper had insufficient evidence of "reasonable grounds" that Clark was driving a motor vehicle while in an intoxicated condition. The Director is correct that hearsay statements may be used by the trooper or law enforcement officer in the determination whether there were reasonable grounds to arrest someone on suspicion of driving while intoxicated. That statement of the law does not assist the Director in this case, however, because the trial court did not simply find that the officer could not rely on hearsay statements. The trial court also found: (1) that the hearsay evidence presented was neither credible nor corroborated by any direct evidence that Petitioner was operating a motor vehicle; and (2) that the Director failed to meet his burden. Prior to *White v. Department of Revenue*, 321 S.W.3d 298 (Mo. banc 2010), the Director might have prevailed.

However, in light of *White*,

> "[o]nly if the trial court's judgment is clearly erroneous will an appellate court reverse. This standard of review gives appropriate deference to the trial court's ability to weigh the credibility of the witnesses, and acknowledges the inability of an appellate court to determine credibility from the lifeless pages of a record. Thus, if the trial court's ruling is plausible in light of the record viewed in its entirety, this Court may not reverse it even though convinced that had it been sitting as a trier of fact, it would have weighed the evidence differently."

*White*, 321 S.W.3d at 310-11 (quoting *State v. Milliorn*, 794 S.W.2d 181, 183-84) (internal quotations omitted)). In view of our standard of review and the specific credibility determination of the trial court, we must deny the Director's point. The trial court was free to disbelieve the trooper's testimony that he was told that Clark was driving the car that had been involved in a one-car accident. The judgment is affirmed.

2

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., C.J. – Concurs